THE PEOPLE OF THE STATE OF NEW YORK, Appellant, *v.* GEORGE SHERIFF & SON (MERRITT) and THE ALBION CIDER AND VINEGAR COMPANY, Respondents.

*Pleading — causes of action for a violation of the Agricultural Law required to be separately stated.*

The complaint in an action brought against George Sheriff & Son and the Albion Cider and Vinegar Company to recover penalties for alleged violations of the Agricultural Law (Chap. 338, Laws of 1893, as amd.), and for an injunction restraining the defendants from further violations of such statute, alleged, in the 1st paragraph of the 2d subdivision thereof, that between certain dates the Albion Cider and Vinegar Company manufactured for sale, kept for sale, offered for sale and sold to the defendant, George Sheriff & Son, one barrel or

cask of vinegar in separate casks or barrels which were falsely labeled "Cider Vinegar" contrary to the form of the statute.

In the next paragraph of the 2d subdivision of the complaint it was alleged that "George Sheriff & Son purchased said cask or barrel of vinegar for resale in their business, kept the same for sale, offered the same for sale and sold and delivered the same to their customers as and for cider vinegar."

*Held,* that each of such paragraphs constituted a separate cause of action and that it was the duty of the plaintiff to separately state and number the same.

APPEAL by the plaintiff, The People of the State of New York, from an order of the Supreme Court, made at the Erie Special Term and entered in the office of the clerk of the county of Erie on the 27th day of October, 1902, requiring the plaintiff to serve an amended complaint, each and every of the causes of action alleged therein to be separately stated and numbered.

*Edwin H. Risley,* for the appellant.

*James M. E. O' Grady,* for the respondents.

NASH, J.:

The action is brought to recover penalties for alleged violations of the Agricultural Law (Laws of 1893, chap. 338, as amd.), and for an injunction restraining the defendants from further violations of the statute.

In the 2d paragraph of the complaint it is first alleged that between the 1st day of November, 1901, and the 18th day of June, 1902, the defendant the Albion Cider and Vinegar Company manufactured for sale, kept for sale, offered for sale and sold to the defendant George Sheriff & Son one barrel or cask of vinegar in separate casks or barrels, which were falsely stenciled or labeled "Cider Vinegar," which vinegar contained certain ingredients alleged to be injurious to health, particularly set forth by appropriate allegations, and was not produced exclusively from pure apple juice and contained foreign adulterated substances, contrary to the form of the statute in such case made and provided.

This, in substance, is the 1st paragraph of the 2d subdivision of the complaint, the allegations of which constitute a complete, perfect and separate cause of action against the Albion Cider and Vinegar Company for manufacturing, keeping for sale, offering for sale and selling to George Sheriff & Son one barrel or cask of

adulterated vinegar, contrary to the statute in such case made and provided.

In the next paragraph of the 2d subdivision of the complaint it is alleged that "George Sheriff & Son purchased said cask or barrel of vinegar for resale in their business, kept the same for sale, offered the same for sale and sold and delivered the same to their customers as and for cider vinegar," thus setting forth a cause of action against George Sheriff & Son for keeping for sale, offering for sale and selling and delivering to their customers such adulterated vinegar.

The failure to separately state and number these two separate causes of action, one against each of the defendants, set out in a single count of the complaint, furnishes sufficient ground for the order of the Special Term.

But the 3d and last paragraph of the 2d subdivision of the complaint alleges "that the plaintiff does not know and for that reason cannot state the precise number of barrels or casks contained in each sale and purchase of vinegar, but the plaintiff alleges that they are entitled to recover a penalty of one hundred (100) dollars for each separate and distinct purchase of vinegar, whether the same contained one or more barrels or casks of vinegar which was sold as and for cider vinegar and which was not cider vinegar made from pure apple juice and which did not contain two per centum of cider vinegar solid on full evaporation over boiling water, and that it did not contain four and one-half per cent of acetic acid or contained ingredients deleterious to health, according to the statutes in such cases made and provided."

Here by implication is an indefinite number of sales alleged, for any one of which the plaintiff has a cause of action against the defendant making the sale.

The liability of the defendants for several penalties of $100 each is also alleged in the second, third, fourth, fifth and sixth causes of action.

The appellant invokes the aid of the rule of pleading that where an offense may be committed by doing one of several prohibited things, an indictment may in a single count group them together and charge the defendant with having committed them all, and a conviction may be had on proof of the commission of any one of

the things without proof as to the others. But that the plaintiff has not done. The facts are set out separately and alleged as separate causes of action instead of grouping the facts in a single count and alleging that the defendants have committed them all, for which they have incurred the penalty.

It is urged that in no aspect of the case can the plaintiff upon the facts alleged recover more than $100. That does not meet the objection. The plaintiff cannot have any recovery until the complaint is put in proper form.

It is not to be inferred that any opinion is intended to be expressed upon the question as to whether a joint action can be maintained against the producer and seller for the penalties incurred by each or that the manufacturer is jointly liable with the seller of the adulterated article for sale by the latter.

The order should be affirmed.

ADAMS, P. J., McLENNAN, WILLIAMS and HISCOCK, JJ., concurred

Order affirmed, with ten dollars costs and disbursements.